UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BERNADETTE USCILLA,
    *Plaintiff*,

    v.

DIVERSIFIED MAINTENANCE SYSTEMS, LLC, *et al.*
    *Defendants*.

No. 3:16-cv-1878 (JAM)

## ORDER OF DISMISSAL AND REMAND TO STATE COURT

Federal courts have so-called "diversity" jurisdiction over lawsuits that involve citizens from different states. *See* 28 U.S.C. § 1332. More than two centuries ago, the Supreme Court made clear that diversity jurisdiction does not exist unless there is *complete* diversity between all plaintiffs and defendants—that *all* of the plaintiffs are citizens of a different state from *all* of the defendants. *See Strawbridge v. Curtiss*, 7 U.S. 267 (1806) (Marshall, C.J.).

The rule of complete diversity has its critics. *See, e.g.*, Erwin Chemerinsky, *Rationalizing Jurisdiction*, 41 Emory L.J. 3, 6-8 (1992). But the rule has steadfastly endured. *See, e.g.*, *Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 118–19 (2d Cir. 2014). And the rule remains one of the basic guideposts for delimiting the jurisdiction of the federal courts over state law claims. Until this case arose, I had thought the rule of complete diversity to be universally known and understood by attorneys who practice in the federal courts.

Plaintiff Bernadette Uscilla has filed this lawsuit against two defendants: Diversified Maintenance Systems, LLC, and Maria Pineda. Plaintiff was allegedly injured by defendants when a ladder fell on her at a Kohl's department store in Connecticut. Plaintiff initially filed this

lawsuit in a Connecticut state court alleging a state law claim of negligence. Last week, defendants removed the action to this Court on the asserted ground of federal diversity jurisdiction.

Defendants claim that "[c]omplete diversity of citizenship exists between Plaintiff and Defendants at the time of the filing of the Complaint, at the time of removal, and at all intervening times." Doc. #1 at 2. But this claim is false, as shown by the very documents that defendants have filed as part of their removal papers. According to the civil summons and service forms, plaintiff lives in Connecticut, and defendant Pineda resides at yet another address in Connecticut. Docs. #1-3 at 2 & #1-4 at 2. The fact—as defendants insist—that co-defendant Diversified Maintenance Systems, LLC, may be a citizen of Florida does not cure the lack of complete diversity.

Because there is no complete diversity between the plaintiff and all of the defendants in this action, this Court has no jurisdiction. This case belongs back in state court where it was first filed.

## CONCLUSION

For the foregoing reasons, this Court lacks jurisdiction, and the case is REMANDED to the Connecticut Superior Court for the Judicial District of New Haven. The Clerk is directed to close this case.

It is so ordered.

Dated at New Haven this 21st day of November 2016.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge